# In the United States Court of Federal Claims

No. 98-817 V

(Filed March 21, 2008)

| | |
|---|---|
| ENRIQUE M. ANDREU, a minor child by his parents and natural guardians, ENRIQUE C. ANDREU and SONIA C. ANDREU, | ) ) ) ) |
| Petitioners, | ) |
| v. | ) ) |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) |

### ORDER[1]

      This order addresses petitioners' motion for reconsideration, filed March 10, 2008. Respondent's response to this motion was filed on March 19, 2008. Petitioners' reply, filed this date, has been considered by leave of court.

      Petitioners' seek reconsideration of the remand order, filed March 3, 2008, returning the matter to the successor special master. Petitioners object to the aspect of the order which provided for the prospect of obtaining additional evidence. Potential additional evidence included testimony from prior witnesses who did not testify before the successor special master, if their credibility would be in issue with respect to any relevant evidence, and factual testimony from treating physicians whose medical records are in evidence, but who did not previously testify concerning these records. Petitioners' concentrate their objection to the remand order on the prospect of testimony from the physicians who treated their son, Enrique. The expert witnesses in this case reached divergent interpretations concerning instructions, test

---

[1] Petitioners have 14 days to request redaction of any material "that includes medical files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, while not published, this order will be available on the court's website. 42 U.S.C. § 300aa–12(d)(4)(B).

results, and conclusions, contained in the medical records, such as the extent of injury shown compared with that necessary to validate Dr. Tornatore's causation theory and the basis for precluding further pertussis inoculations but not other vaccinations likely to cause fever.  It was concluded that factual testimony as to all relevant aspects of these records, from the treating physicians who generated them would be of assistance in resolving the appropriate weight to be provided in determining the issue of preponderance on the record as a whole.  42 U.S.C. § 300aa-13(a)(1); *Bunting v. Sec'y of Health and Human Servs.*, 931 F.2d 867, 872 (Fed. Cir. 1991).  Moreover, a special master must evaluate the weight to be afforded to any diagnosis, test or report and consider the course of the injury "[u]ntil the date of the judgment. . . ." 42 § 300aa-13(b)(1)(B).  The record evidence on treatment is not current and could be updated, to the extent relevant, by treating physicians.

Special Masters are authorized to "[r]equire such evidence as may be reasonable and necessary."  42 U.S.C. § 300aa-12(d)(3)(B)(i).  In the light of conflicting expert testimony, it was concluded that factual evidence from the physicians who treated Enrique was reasonable and necessary and this potential was encompassed in the remand to the successor special master.  Any review of the decision reached on remand including interlocutory orders, must await the successor special master's remand decision.  *Weiss v. Secy. of Health and Human Servs.*, 59 Fed. Cl. 624 (2004).

Accordingly, after careful consideration it is concluded that no valid basis for reconsideration of the remand order, filed March 3, 2008, has been established, and it is **ORDERED** that petitioners' motion, filed March 10, 2008, is **DENIED**.

    s/ James F. Merow
    James F. Merow
    Senior Judge